# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:09CR236-FDW-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| GARFIELD CAMPBELL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on "Defendant's Motion to Withdraw Guilty Plea and Supporting Memorandum" (document #25) filed January 25, 2011 and "Government's Opposition to Defendant's Motion to Withdraw Guilty Plea" (document #28) filed February 4, 2011. Defendant also filed a handwritten pro se "Motion to Withdraw Plea Pursuant to Rule 11(d)(2)(B)" (document # 29) filed February 18, 2011. United States District Judge Frank D. Whitney referred this matter to the undersigned.

Having fully considered the arguments, the record, and the applicable authority, the Court finds that there is no basis for withdrawal of Defendant's guilty plea, as discussed below, and will **DENY** Defendant's Motion to Withdraw Guilty Plea.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On September 6, 2009, at approximately 5:00 a.m., a Charlotte-Mecklenburg police officer initiated a police-citizen encounter with Defendant, who was visibly intoxicated and walking along West Trade Street. When the officer approached, Defendant backed away. The officer observed noticeable bulges in Defendant's sock and pocket, and asked him to stop. Defendant took off running. The officer finally caught up with Defendant a few blocks away and attempted to restrain him. Defendant began to resist violently. As the officer struggled to maintain his grip on

Defendant's left arm, he observed Defendant reach into his pocket and grab a Smith & Wesson 9 mm handgun. The officer was able to subdue Defendant and take control of the loaded gun.

Based on these events, a grand jury indicted Defendant on December 15, 2009 for unlawful possession of a firearm by felon, in violation of 18 U.S.C. § 922(g). On December 21, 2009, law enforcement officers went to Defendant's place of employment and arrested him. Later that day, Defendant's employer contacted the officers to notify them that a bag containing a firearm had been found in the van that Defendant had been in just prior to being arrested. Officers responded to the scene and located a loaded Taurus .357 magnum revolver in the bag. Further analysis revealed Defendant's fingerprints were on the revolver.

Defendant's Bill of Indictment was superseded on February 16, 2010 to add a second count charging him with unlawful possession of a firearm by felon, in violation of 18 U.S.C. § 922(g). On March 3, 2010, an Inquiry into Status of Counsel was held by Judge Whitney. Defendant presented a motion to have his counsel removed. After thoroughly addressing the issue and offering to appoint Defendant a new attorney, Defendant elected to keep his assigned counsel.

On March 12, 2010, Defendant, his counsel, and the Government entered into a written plea agreement. On March 18, 2010, Defendant appeared before this Court and entered a guilty plea to one count of unlawful possession of a firearm by felon. In exchange for his plea, the Government agreed to dismiss the remaining count. Defendant also reserved his right to appeal Judge Whitney's ruling on his suppression motion. During this hearing, the Court conducted the standard colloquy, as required by Federal Rule of Criminal Procedure 11, to determine if Defendant was knowingly and voluntarily entering his guilty plea. Defendant gave sworn answers, and then signed the form entitled "Entry and Acceptance of Guilty Plea" which attested that Defendant's answers had been true and complete. (document #18). Defendant stated that he understood that he was there to enter

a guilty plea that could not later be withdrawn. Id. at 2. Defendant stated that he fully understood the charges against him. Id. Defendant further stated that he was, in fact, guilty of unlawfully possessing a firearm as a felon. Id. at 3. When asked, Defendant expressed that he had enough time to discuss possible defenses with his attorney and that he was satisfied with the services of his attorney. Id. at 4. Following this, this Court found that Defendant's plea had been knowingly and voluntarily made, and accepted his guilty plea.. Id. at 5.

On June 8, 2010, Defendant's attorneys, Claire Rauscher and Erin Taylor, were allowed to withdraw by Judge Whitney. On June 9, 2008, Richard L. Brown, Jr. was appointed to represent Defendant. On January 25, 2011, through counsel, Defendant filed his Motion to Withdraw Guilty Plea.

## II. DISCUSSION OF CLAIMS

Defendant contends that he entered into his guilty plea without viewing all of the evidence against him. In addition, Defendant contends that he is actually innocent of the charge in the indictment.

Rule 11(d) of the Federal Rules of Criminal Procedure places the burden on Defendant to show a "fair and just reason for requesting the withdrawal." Fed. R. Crim. Pro. 11(d). In determining whether a defendant has met this burden, the Fourth Circuit has set forth six non-exclusive factors for district courts to consider:

(1) the existence of credible evidence that the plea was not knowing and voluntary;

(2) credible assertions by the defendant of his legal innocence;

(3) any delay between the entry of the plea and the motion to withdraw;

(4) the assistance of competent counsel in connection with the plea;

(5) whether the withdrawal would cause prejudice to the government; and

3

(6) whether withdrawal would inconvenience the Court and waste judicial resources. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).

While each of the Moore factors should be considered, "[t]he most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted," because whether a plea was both counseled and voluntary is ordinarily dispositive. United States v. Bowman, 348 F.3d 408, 414 (4th Cir. 2003). Once a guilty plea is entered, there is "a strong presumption that the plea is final and binding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992).

In this case, the Court finds that Defendant has not provided credible evidence that his plea was not knowing and voluntary. The Court is entitled to rely heavily on the representations that Defendant made at his Rule 11 hearing about the voluntariness of his plea. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). Defendant's answers clearly show that his plea was made voluntarily. He stated that he was not threatened, intimidated, or forced to enter the plea nor had anyone made him any promise of leniency or a light sentence. Doc. 18 at 4. Defendant does not explain how his failure to review all the evidence makes his plea involuntary.

With respect to the second factor concerning a claim of legal innocence, Defendant states that he is not guilty of the offense and offers no further explanation nor points to any evidence to support this claim. "[A] defendant's bare allegation of innocence does not, without more, satisfy the second Moore factor." United States v. O'Neil, 352 Fed. Appx. 859, 866 (4th Cir. 2009). A defendant "must do more than just demonstrate that [he] had a bona fide belief that [his] actions were lawful." United States v. Sparks, 67 F.3d 1145, 1153 (4th Cir. 1995). Rather, a defendant must

4

"show that such a belief would translate into a credible assertion of legal innocence." Id. Therefore, the Court finds there is no credible assertion of legal innocence.

With respect to the third factor concerning the delay between entry of the plea and the motion to withdraw, Defendant entered his plea on March 18, 2010. Defendant delayed filing this Motion until January 25, 2011, forty-four (44) weeks after the entry of his guilty plea. The Court finds that this delay is substantial. See United States v. Wells, No. 94-5666, 1996 WL 174631, at *5 (4th Cir. April 12, 1996) (holding that "a delay of over fifteen weeks" between entry of a guilty plea and a motion to withdraw the plea was "a substantial delay" supporting denial of the motion).

With respect to the fourth factor concerning the assistance of competent counsel in connection with the plea, Defendant alleges that because he was "'not allowed' to view all of the evidence against him that Ms. Rauscher and Ms. Taylor failed to provide him with competent assistance of counsel. However, Defendant makes no effort to establish how this alleged failure constitutes a "fair and just" reason for the withdrawal of his guilty plea. A defendant must demonstrate that his attorneys' performance fell below an objective standard of reasonableness and that he was prejudiced to the degree that there is a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial. See United States v. Lambey, 974 F.2d at 1394-95. The Court finds that Defendant has failed to make either of these showings. He does not attempt to explain how his plea decision was affected or cite any case law to support his argument.

In fact, the record shows that at the time of his plea, Defendant was satisfied with the work of his attorneys. On March 3, 2010, Defendant appeared before Judge Whitney on a Motion to Suppress. Prior to hearing that Motion, Defendant made a request to have his attorneys removed based on what the Court ultimately concluded was a "modest act of negligence" (accidently mixing

in a page of another defendant's discovery with this defendant's discovery). Transcript of Inquiry into Counsel and Suppression Hearing, Doc. 16 at 10. Defendant, his counsel, and the Court thoroughly addressed all potential issues and conflicts between Defendant and his counsel. Id. at 3-24. Defendant never told the Court that he was being denied access to the evidence against him. The Court found that any assertion that Defendant's attorneys were ineffective was "frivolous." Id. at 17. Rather, it appeared that any breakdown in the relationship between Defendant and his counsel was due to Defendant's unwillingness to work with defense counsel rather than defense counsel's performance. Id. at 11-12,16. Ultimately, Judge Whitney was prepared to appoint new counsel for Defendant, but Defendant chose to keep Ms. Rauscher and Ms. Taylor as his attorneys. Id. at 17, 22, 23. Furthermore, Defendant was specifically asked during his Rule 11 hearing if he was satisfied with the services of his attorney in this case. Defendant solemnly swore, under oath, that he was and, when given an opportunity to voice any concerns about the ability or performance of his attorneys, Defendant said nothing. Doc. 18 at 4.

With regard to the fifth and six factors concerning prejudice to the Government, inconvenience to the Court and wasting judicial resources, the Court finds that the Assistant United States Attorney who indicted and prosecuted Defendant has left the office and another Assistant United States Attorney would be required to try the case if Defendant is allowed to withdraw his guilty plea. Additionally, withdrawal of Defendant's guilty plea will inconvenience the Court and waste judicial resources because the pre-sentence report has been completed and filed and the Court is ready to proceed with sentencing.

Based on the above analysis, the Court finds that there is no basis for withdrawal of Defendant's guilty plea. IT IS, THEREFORE, ORDERED that "Defendant's Motion to Withdraw Guilty Plea and Supporting Memorandum" (document #25) filed January 25, 2011 is **DENIED**.

With regard to Defendant's handwritten pro se "Motion to Withdraw Plea Pursuant to Rule 11(d)(2)(B)" (document # 29), Defendant is represented by court-appointed counsel. The Rules of Practice and Procedure of the United States District Court for the Western District of North Carolina (Local Rules of Criminal Procedure) provide in pertinent part as follows:

> Except for challenges to the effective assistance of counsel, the Court will not ordinarily entertain a motion filed by a criminal defendant who is still represented by counsel and has not formally waived his or her right to counsel in the presence of a judicial officer after being fully advised of the consequences of the waiver.

Loc. R. Crim.P. 47.1(H).

IT IS, THEREFORE, ORDERED that the Defendant's pro se handwritten filing captioned "Motion to Withdraw Plea Pursuant to Rule 11(d)(2)(B)" (document # 29) filed February 18, 2011 is hereby STRICKEN.

The Clerk is directed to send copies of this Order to counsel for the parties; and to the Honorable Frank D. Whitney.

**SO ORDERED.**

Signed: March 1, 2011

David S. Cayer
United States Magistrate Judge