DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-279-FDW
(3:09-cr-236-FDW-1)

| | |
|---|---|
| GARFIELD D. CAMPBELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and on Respondent's Motion to Dismiss Petitioner's Motion to Vacate, (Doc. No. 7).

**I. BACKGROUND**

According to Petitioner's stipulation in his plea agreement and the offense conduct set forth in the presentence investigation report ("PSR"), on September 6, 2009, an officer with the Charlotte-Mecklenburg Police Department attempted to make voluntary contact with Petitioner, who was walking alone, at 5 a.m., along West Trade Street in Charlotte and appeared to be intoxicated. See (Criminal Case No. 3:09cr236, Doc. No. 17 at ¶ 15: Plea Agreement; Doc. No. 47 at 30: Sent. Hrg. Tr.; Doc. No. 34 at ¶ 6: PSR). When he approached, the officer noticed bulges in Petitioner's sock and pants pocket and asked whether he had any guns on him. (Id., Doc. No. 34 at ¶ 6). Petitioner eventually fled, resulting in a foot chase and ensuing violent altercation, in which Petitioner attempted to pull his weapon on the officer. (Id. at ¶¶ 7-10). Based on his possession of the firearm during this encounter, Petitioner was subsequently

1

charged with unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g) (Count One).  (Id., Doc. No. 1: Indictment).

On December 21, 2009, members of a federal task force arrested Petitioner at his workplace.  (Id., Doc. No. 34 at ¶ 13: PSR).  The officers retrieved a baggie of marijuana during a search incident to the arrest.  (Id.).  Later that day, one of Petitioner's co-workers informed the arresting officers that he had found a black bag in a work van that Petitioner had occupied earlier that day, and that the black bag contained a loaded revolver and a bag of MDMA (ecstasy) pills.  (Id.).  Fingerprints lifted from the revolver matched Petitioner's.  (Id.).  Based on the evidence found on December 21, 2009, a superseding indictment was entered, charging Petitioner with an additional § 922(g) offense (Count Two) based on Petitioner's possession of the revolver on December 21, 2009.  (Id., Doc. No. 9: Superseding Bill of Indictment).

Petitioner subsequently entered into a written plea agreement with the Government in which he agreed to plead guilty to Count One.  (Id., Doc. No. 17 at ¶¶ 1-2: Plea Agreement).  In exchange, the Government agreed to dismiss Count Two.  As part of the agreement, Petitioner acknowledged that he faced a statutory maximum sentence of ten years.  (Id. at ¶ 4).  As part of the plea agreement, Petitioner agreed to waive his rights to appeal or collaterally attack his sentence, except for (1) this Court's denial of Petitioner's motion to suppress; (2) claims of ineffective assistance of counsel; or (3) prosecutorial misconduct.  (Id. at ¶ 21).  Petitioner entered his guilty plea on March 18, 2010, and, during this hearing, Petitioner stated under oath that, inter alia, no one had "threatened, intimidated, or forced" him to enter his guilty plea.  (Id., Doc. No. 18 at ¶ 27: Entry and Acceptance of Guilty Plea).  Petitioner also stated that he had sufficient time to discuss any possible defenses with his attorney and that he was satisfied with his attorney's services.  (Id. at ¶¶ 29-30).

After the plea hearing but before the sentencing hearing, a probation officer prepared the PSR, describing Petitioner's offense conduct, calculating Petitioner's offense level, and summarizing Petitioner's criminal history. (Id., Doc. No. 34 at ¶¶ 5-13; 19-29; 32-48). The probation officer recommended that Petitioner's total offense level was a 28, with a criminal history category of V, yielding an advisory range of 130 to 162 months. (Id. at ¶¶ 29; 48; 76). Because this guideline range exceeded the statutory maximum sentence, the probation officer noted that the guideline term of imprisonment was 120 months. (Id. at ¶ 76).

This Court subsequently sentenced Petitioner to 120 months of imprisonment. (Id., Doc. No. 36: Judgment). Defendant appealed the denial of his motion to suppress, but the Fourth Circuit affirmed the denial and issued its mandate on February 24, 2012. See (Id., Doc. Nos. 51; 52). Petitioner has now timely filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1). On October 25, 2013, the Government filed its motion to dismiss. (Doc. No. 7). On November 4, 2013, this Court entered an order, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), giving Petitioner until November 21, 2013, to respond to the motion to dismiss. (Doc. No. 8). On January 3, 2014, after receiving an extension of time in which to respond, Petitioner filed his brief in response to the Government's motion to dismiss. (Doc. No. 12).

In his motion to vacate, Petitioner argues that trial counsel rendered ineffective assistance of counsel by "affirmatively misleading him regarding his sentence[ing] exposure," when she incorrectly informed him that he would face two, consecutive ten-year prison terms if he went to trial and was convicted. (Doc. No. 1 at 3; 5-7). Petitioner maintains that he would not have received the "inevitable" 20-year prison sentence but, instead, would have received no more than 130 to 162 months of imprisonment if he went to trial on both counts and was convicted. (Id. at

3

6). Petitioner's claim fails for the reasons explained below.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter and Respondent's motion to dismiss, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance

4

prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

The two-part Strickland v. Washington test applies to ineffective assistance of counsel claims arising out of the plea-bargaining process. See Missouri v. Frye, 132 S. Ct. 1399, 1386-87 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012); Hill v. Lockhart, 474 U.S. 52, 58 (1985). In Frye and Lafler, the Supreme Court recently examined the application of the Strickland test in the plea-bargaining process. The Court held in these companion cases that counsel's failure to communicate a formal plea offer to his client constitutes deficient performance as a matter of law. Furthermore, to establish prejudice the defendant has to show "not only a reasonable probability that he would have accepted the lapsed plea but also a reasonable probability that the prosecution would have adhered to the agreement and that it would have been accepted by the trial court." Frye, 132 S. Ct. at 1410-11.

Even assuming that Petitioner's counsel advised him as he says, Petitioner's claim of ineffective assistance of counsel during the plea bargaining stage fails for three reasons. First, his counsel's advice that he faced up to twenty years of imprisonment (a statutory maximum sentence of ten years on each count) was not an incorrect interpretation of the law. Petitioner may have received a sentence lower than twenty years, but he did, in fact, face up to a ten-year sentence for each offense. Thus, his counsel did not perform deficiently if she so advised him.

Second, Petitioner's current assertion that his counsel's sentencing advice amounted to an improper "threat" is contrary to his sworn response at the hearing that no one had threatened, intimidated, or forced him to plead guilty. As the Fourth Circuit explained in United States v. Lemaster, "because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy," when a defendant makes "solemn

5

declarations in open court affirming a plea agreement," this testimony carries "a strong presumption of verity." 403 F.3d 216, 221 (4th Cir. 2005) (alterations and internal quotations omitted). Thus, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." Id. at 221 (internal quotations and citations omitted). The petitioner bears the burden of proving "extraordinary circumstances." Id. Unless the petitioner sufficiently does so, "the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Id. at 221-22. Petitioner has not produced any such evidence here, and his statement that he was improperly threatened or misled is contrary to his sworn declarations at his Rule 11 hearing and, therefore, palpably incredible.

Third, Petitioner's contention ignores the obvious fact that, by pleading guilty to only one count of the indictment, he received a much lower sentence than he otherwise would have received. As the PSR and the Court noted at Petitioner's sentencing hearing, Petitioner's guideline range exceeded his statutory maximum sentence. Thus, with the plea bargain that his counsel negotiated for him, Petitioner's sentencing exposure was capped at ten years. If Petitioner had proceeded to trial and been convicted on both counts, the sentences likely would have been stacked, and Petitioner would have faced a statutory maximum sentence of twenty years with a Guideline sentencing range of 130 to 162 months. In other words, Petitioner's counsel provided Petitioner with competent representation, securing a guilty plea that capped his sentencing exposure at ten years. Without counsel's effective negotiation during the plea process, Petitioner would have faced and likely received a much higher sentence. For these three

reasons, Petitioner is unable to demonstrate deficient performance or that he was prejudiced thereby. In sum, Petitioner's ineffective assistance of counsel claim is without merit.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's § 2255 petition is dismissed.

**IT IS THEREFORE ORDERED THAT**:

1. Petitioner's § 2255 motion, (Doc. No. 1), is dismissed with prejudice.

2. Respondent's Motion to Dismiss, (Doc. No. 7), is **GRANTED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: January 6, 2014

Frank D. Whitney
Chief United States District Judge