# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:09-CR-00236-FDW

| UNITED STATES OF AMERICA | ) |  |
|---|---|---|
|  | ) |  |
| v. | ) |  |
|  | ) | **ORDER** |
| GARFIELD D. CAMPBELL, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on Defendant's Pro Se Motion for Release of Personal Disciplinary Conduct Record, (Doc. No. 99), and Pro Se Motion for Transcripts, (Doc. No. 100), of his sentencing and suppression hearings at the United States's expense. For the reasons set forth below, Defendant's Motion for Release of Personal Disciplinary Conduct Record is **DENIED**, and his Motion for Transcripts is **GRANTED IN PART** and **DENIED IN PART**.

Defendant requests the "personal disciplinary conduct records" of the Charlotte-Mecklenburg Police Officer he identifies as having been the arresting officer in this case. (Doc. No. 99, p. 1.) Defendant identifies no legal authority to support this request, and neither the officer nor CMPD are parties to this action. For these reasons, the Court cannot grant the relief Defendant seeks and will deny the Motion.

Under 28 U.S.C. § 753(f), a defendant may obtain free copies of transcripts where he demonstrates indigence, and the transcripts are needed to "decide the issue presented" by a suit or appeal. 28 U.S.C. § 753(f). The Court must certify the suit or appeal is not frivolous. Id. Defendant has not applied to proceed in forma pauperis, but he represents he is detained in a Georgia jail and indicates he has no financial resources. However, Defendant has not demonstrated a sufficient need for the transcripts "to decide the issue presented" under 28 U.S.C. § 753(f). Currently, there

1

is no issue presented. The Fourth Circuit denied Defendant's appeal of his revocation proceedings on April 28, 2022. (Doc. Nos. 97, 98.) Further, when this Court revoked Defendant's prior term of supervised release and sentenced him to seven months' imprisonment, it did not impose a further term of supervised release. (Doc. No. 85.) That judgment was imposed over three years ago, and nothing in the record indicates Defendant is currently detained in connection with *this* case. There is also no pending non-frivolous suit or appeal entitling him to free copies of transcripts under the statute. Nevertheless, the Court will order the Clerk of Court to provide Defendant with a copy of the docket sheet in this case. In all other respects, Defendant's motion is denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Release of Personal Disciplinary Conduct Record, (Doc. No. 99), is **DENIED**, and Defendant's Motion for Transcripts, (Doc. No. 100), is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Court respectfully **DIRECTS** the Clerk of Court to provide Defendant with a copy of the docket sheet in this matter.

**IT IS SO ORDERED.**

Signed: October 28, 2024

Frank D. Whitney
United States District Judge